```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

**LEON DEVON ROGERS,**               :

    Petitioner,                   :

vs.                                  :    CIVIL ACTION 05-00520-CG-B

**DONAL CAMPBELL,** *et al.*,        :

    Respondents.                  :

## REPORT AND RECOMMENDATION

Leon Devon Rogers, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Secretary for Dep't of Corrections, 377 F.3d 1317 (11th Cir. 2004). Following a complete review of this action, the undersigned recommends that the petition be dismissed as barred by the statute of limitations.

Rogers was charged with murder in Case Nos. CC-99-2140 and CC-99-2121, and with attempted murder in Case No. CC-99-2142 (Doc. 1, Doc. 2, Exs. A & B). He was tried by a jury in Mobile County, Alabama, and convicted of two counts of murder and one count of

attempted murder on February 9, 2000. (Id.) Rogers was sentenced on March 16, 2000 to life imprisonment for each conviction; the sentences were to run concurrently. (Doc. 2, Ex. B). Rogers filed a Notice of Appeal, and in an Order dated September 28, 2001, the Alabama Court of Criminal Appeals reversed Rogers' murder convictions[1].  See Rogers v. State, 819 So. 2d 643 (Ala. Crim. App. 2001). The Court affirmed Rogers' manslaughter conviction. Rogers filed a motion for rehearing, which was denied, and on December 10, 2001, the Alabama Court of Criminal appeals issued a Certificate of Judgment. (Doc. 2, Ex. B). The record does not reflect, and Rogers does not allege that he filed a petition seeking certiorari before the Alabama Supreme Court.

On July 31, 2003, Rogers filed a Rule 32 petition with the trial court challenging his original manslaughter conviction. (Doc. 2, Ex. B, Doc. 11).  After the state responded, the trial court, on December 1, 2003, summarily denied Rogers' petition. (Id.) Rogers filed a Motion to Reconsider and a Notice of Appeal on December 17, 2003. (Doc. 2, Ex. B). On December 31, 2003, the trial court denied his Motion to Reconsider. (Id.)  In an Order dated April 23, 2004, the Alabama Court of Criminal Appeals denied Rogers' appeal. (Doc. 2, Ex. D ).  The court concluded that "[b]ecause the appellant's

---

[1]With respect to the two murder convictions that were reversed, the record reflects that upon remand, Rogers pled guilty to the lesser offense of manslaughter and was given sentences which were to run concurrent with the sentence for his original manslaugher conviction.  (Doc. 1).

2

claims were obviously without merit, not sufficiently pled, and/or precluded, the Circuit Court properly summarily dismissed his petition." (Id.)  Rogers filed a Motion for Rehearing, which was denied on May 6, 2004. (Doc. 2, Ex. B).  Rogers then filed a petition seeking certiorari before the Alabama Supreme Court.  His petition was denied on September 17, 2004. (Doc. 2, Ex. G).  On September 9, 2005, Rogers, through counsel, filed the instant federal petition seeking habeas relief. (Doc. 1).  Respondent filed an Answer alleging that Rogers petition should be dismissed as time-barred. (Doc. 11).  For the reasons set forth herein, the undersigned recommends that the petition be dismissed as barred by the one-year statute of limitations.

Pursuant to 28 U.S.C. § 2244 (d)(1), as amended by the April 24, 1996 enactment of The Anti-Terrorism and Effective Death Penalty Act of 1996, § 101(Supp. II 1997) ("AEDPA"), a state prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the "conclusion of direct review or the expiration of the time for seeking such review."  The Act provides that:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgement of a State court.  The limitations period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application

created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d).

In this case, Rogers' sentence for manslaughter became final on December 10, 2001, the date the Alabama Court of Criminal Appeals issued the Certificate of Judgment. While the Eleventh Circuit has stated that a state conviction does not become final until "90 days after entry of judgment in the state court of last resort," Jackson v. Secretary for the Dep't of Corrections, 292 F.3d 1347, 1348-49 (11th Cir. 2002), in this case, Rogers is not entitled to the additional 90 days because he did not file a writ of certiorari with the Alabama Supreme Court after the Alabama Court of Criminal Appeals denied his motion for rehearing. He stopped the direct appeals process before seeking review before the state's highest court of review. See Pugh v. Smith, 465 F.3d 1295, 1299 (11th Cir. 2006) ("The Supreme Court of the United States may grant a writ of certiorari to review the final judgment of 'the highest court of a

State in which a decision could be had.'... A defendant has 90 days from the judgment of the state court of last resort to file a petition for a writ of certiorari in the Supreme Court of the United States.... In the absence of a clear statutory or constitutional bar to higher state court review ... the Supreme Court requires petitioners to seek review in the state's highest court before filing a petition for certiorari."); Crenshaw v. Ferrell, 2005 U.S. Dist. LEXIS 43178 (S.D. Ala. September 9, 2005) ("In the instant case, petitioner did not file an application for rehearing nor did he file a writ of certiorari with the Alabama Supreme Court.... Petitioner stopped the appeals process before seeking discretionary review in the Alabama Supreme Court.  Thus, because the petitioner did not seek discretionary review in the state court of last resort as allowed under Alabama Rules, he is not entitled to the additional ninety (90) days under AEDPA".); see also Brown v. Hooks, 176 Fed. Appx. 949, 951 (11th Cir. 2006) ("On March 23, 2001, the Alabama Court of Criminal Appeals affirmed his conviction. Brown did not petition for certiorari review in the Alabama Supreme Court, and his conviction became final on April 10, 2001, when the Certificate of Judgment issued.").   Thus, under the facts of this case, this Court need not add the ninety days contemplated by Supreme Court Rule 13.1 since Rogers did not directly appeal his case to the

5

Alabama Supreme Court[2]. His conviction became final on December 10, 2001, when the Alabama Court of Criminal Appeals issued the Certificate of Judgment. Thus, the AEDPA limitations clock began on December 11, 2001, and Rogers had 365 days from that date, or until December 11, 2002 to file his federal habeas petition. As noted supra, Rogers' petition was not filed with this Court until September 9, 2005. As a result, his petition is time-barred unless he can demonstrate that the tolling provisions of the AEDPA were triggered.

Section 2244(d)(2) of the AEDPA provides for the tolling of the limitations period pending state court review of a properly filed application for post-conviction relief. See In Re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006). Although Rogers filed a Rule 32 petition, the petition was not pending during the running of the limitation period as it was not filed until July 31, 2003, which is after the AEDPA limitation period had expired. "[E]ven 'properly filed' state court-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." Webster v. Moore, 199

---

[2]It should be noted that even if Rogers were accorded the additional 90 days, or until March 11, 2003, his federal petition would still be untimely because his Rule 32 petition was not filed until months later, on July 31, 2003.

6

F.3d 1256, 1259 (11th Cir. 2000); see also Tinker v. Moore, 255 F.3d 1333, 1335. n.4 (11th Cir. 2001)("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."); Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004)("While a properly filed application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.")(citation omitted). Accordingly, Rogers' Rule 32 petition, filed on July 31, 2003, did not toll the limitations because the limitations period had already expired, on December 11, 2002, by the time the Rule 32 petition was filed. Thus, Rogers' federal habeas petition was untimely filed.

Before recommending dismissal of Rogers' petition for habeas relief as untimely, the undersigned must determine whether Petitioner has pled extraordinary circumstances which require a contrary conclusion. The Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269[, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy which is typically applied sparingly. See Irwin v. Dept. Of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). See also Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3rd Cir. 1998)("equitable tolling is proper only when the

'principles of equity would make [the] rigid application [of a limitation period] unfair.'... [g]enerally, this will occur when the petitioner has 'in some extraordinary way...been prevented from asserting his or her rights.'...[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'... [m]ere excusable neglect is not sufficient."). Moreover, in the Eleventh Circuit, as a general rule, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." Helton v. Secretary of Dept. of Corrections, 259 F.3d 1310, 1314 (11th Cir. 2001), cert. denied, 535 U.S. 1080, 122 S.Ct. 1965 (2002); Drew v. Department of Corrections, 297 F.3d 1278, 1286-87 (11th Cir. 2002).

After Respondent's Answer (Doc. 11) was filed, Rogers, through counsel, filed a response wherein he essentially argues that it would be unfair to deny review of the claims in his habeas petition because his Rule 32 petition was timely filed under the state rules; yet, the trial court summarily dismissed his Rule 32 petition without addressing the substantive issues raised. Rogers' response fails to allege extraordinary circumstances nor does it include facts which suggest that Rogers is actually innocent of the offense for which he was convicted. His assertions fall short of establishing 'extraordinary circumstances' which would justify

equitable tolling. As noted above, equitable tolling is appropriate when a petitioner fails to timely file his petition due to extraordinary circumstances beyond his control and unavoidable even with diligence. Steed, 219 F.3d at 1300. The burden firmly rests with the petitioner to establish that he is entitled to the benefit of this extraordinary remedy. Drew, 297 F.3d at 1286. Here, Rogers provides no explanation as to why he failed to timely file his petition for habeas relief. He has not alleged the existence of extraordinary circumstances beyond his control that prevented him from filing a timely petition, nor has he met the heavy burden of showing that he exercised reasonable diligence in prosecuting his claims and in bringing forth his habeas petition. He has also failed to allege, let alone offer any evidence that suggests that he is innocent. Where Respondent has asserted the defense of statute of limitations and Petitioner has failed to meet his burden of establishing extraordinary circumstances which would justify the equitable tolling of AEDPA's limitations period, the undersigned must recommend that this case be dismissed as time-barred. Accordingly, the undersigned finds that because Rogers has neither demonstrated actual innocence, nor established that equitable tolling is warranted in this case, his federal habeas petition should be dismissed as time-barred, and that judgment be entered in favor of Respondent.

**CONCLUSION**

For the reasons set forth above, it is the opinion of the undersigned Magistrate Judge that Rogers' petition for habeas corpus relief be **DENIED**.  It is so recommended.

The attached sheet contains important information regarding objections to this recommendation.

**DONE** this **21st** day of **May, 2008**.


                                                                     /S/ SONJA F. BIVINS
                                          **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   **<u>Objection</u>**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(c); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).    The  procedure  for  challenging  the  findings  and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Opposing party's response to the objection.</u>**   Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are

11

adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

              **/s/ SONJA F. BIVINS**
            **UNITED STATES MAGISTRATE JUDGE**