IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LEVON DEVON ROGERS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 05-0520-CG-B |
| | ) |
| **DONAL CAMPBELL, et al.,** | ) |
| | ) |
| Respondents. | ) |

## ORDER

This matter is before the court on the Report and Recommendation of the Magistrate Judge, dated May 21, 2008 (Doc.13), and plaintiff's objection thereto (Doc. 14). After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a de novo determination of those portions of the recommendation to which objection is made, the court agrees with the recommendation of the Magistrate Judge that the petition should be denied as time-barred.

The Magistrate Judge found that petitioner's petition was filed after the one year statute of limitations[1] and that petitioner has presented no extraordinary circumstances that would justify the out-of time adjudication of his petition. The Magistrate Judge found that petitioner's sentence for manslaughter became final on the date the Alabama Court of Criminal Appeals issued the Certificate of Judgment, December 10, 2001, and that petitioner therefore had 365

---

[1] Pursuant to 28 U.S.C. § 2244(d), as amended by the April 24, 1996, enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one year statute of limitation is applicable to a petition for writ of habeas corpus by a person in custody on a judgment of a state court.

1

days from December 11, 2001, to file his federal habeas petition. While the time period would be tolled pending state court review of a properly filed application for post-conviction relief, petitioner did not file his Rule 32 petition until July 31, 2003, after the AEDPA limitation period had expired. Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Accordingly, the Magistrate Judge found that the limitations period was not tolled and that Rogers' petition, filed September 9, 2005, was time-barred.

     Petitioner asserts that "[w]hile the time lines do indeed commence from the date upon which the direct appeal becomes final, the availability of ineffective assistance of counsel remedies telescope, one from the other, from that starting point: the AEDPA time lines contingent on the timing of the Rule 32, the Rule 32 from the date of the denial of the direct appeal." (Doc. 14, pp. 1-2). Petitioner contends that the correct inquiry in this matter should be what claim does the petitioner make and when did it arise. (Doc. 14, p. 1). However, the petitioner has offered no rational reason why the AEDPA limitations period should not apply, or any justification for the tolling of the period beyond December 11, 2002, more than two and a half years prior to the date the current petition was filed. The only reference to possible claims for ineffective assistance of counsel in Rogers' petition concern his counsel's failure to request a jury instruction on attempted heat-of-passion manslaughter,[2] counsel's failure to object to the

---

[2] The Alabama Court of Criminal Appeals found that the trial court should have instructed the jury on heat-of-passion manslaughter as a lesser-included offense. However, because petitioner did not request a jury instruction on attempted heat-of-passion manslaughter, the Court affirmed petitioner's attempted murder conviction. (Doc. 2, Ex. 2, p. 31-32).

validity of the indictment; counsel's failure to object to hearsay testimony, and counsel's failure to move for judgment of acquittal.  (See petition: Doc. 1, pp. 2-3).  All of counsel's alleged failings occurred prior to or during the petitioner's trial.  Thus, petitioner's claim arose when his judgment of attempted manslaughter became final on December 10, 2001.  Counsel's alleged failings were known to petitioner at that time and did not prevent petitioner from timely filing his petition.  Therefore, the court finds that petitioner filed his petition after the one year statute of limitations and that petitioner has presented no extraordinary circumstances that would justify the out-of time adjudication of his petition. See Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001) ("Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition.").  Accordingly, the petition is barred by the statute of limitations.

## CONCLUSION

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a de novo determination of those portions of the Report and Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of this Court.  It is **ORDERED** that habeas corpus petition filed by Leon Devon Rogers is hereby **DENIED.**

**DONE and ORDERED** this 5th day of September, 2008.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE